UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRIAN JAMES RAPINOE, BOOKING #20944775,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants. | Case No.  21cv1162-DMS (RBM)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |
|---|---|

   On June 23, 2021, Plaintiff Brian James Rapino, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming he was denied proper medical care because his knee injury was not properly evaluated, his inmate grievances were not properly handled, and the San Diego Sheriff's Office implemented a no-narcotics policy which prevented doctors from providing proper medical care where narcotic pain medication is required.  (ECF No. 1 at 2-5.)  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing and instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (ECF No. 2.)

   On July 15, 2021, the Court granted Plaintiff's motion to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

(ECF No. 3.)  The Court dismissed the Complaint because: (1) there were no factual allegations from which a plausible inference could be drawn that any named Defendant was aware Plaintiff faced an excessive risk to his health or safety, and, knowing of that risk, deliberately disregarded it, and (2) there is no independent constitutional right to an inmate administrative appeal or grievance system.  (*Id*. at 6-10.)  The Court informed Plaintiff of the deficiencies of his pleading and granted him leave to file an amended complaint on or before August 30, 2021.  (*Id*. at 6-11.)

Over three months have elapsed since the time to amend expired and Plaintiff has not amended in compliance with this Court's Order or otherwise contacted the Court.  This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order).  "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004); *see also Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Because the Court has informed Plaintiff of his need to file an amended complaint but he has not amended or contacted the Court, factors one, two and four weigh in favor of dismissal.  *See Yourish v. California Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.")

Weighing these factors, the Court finds dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted), quoting *Ferdik*, 963 F.2d at 1263.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prosecute by amending his Complaint as required by Court's July 15, 2021, Order requiring amendment. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: December 3, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court